```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
HUGH JENNINGS,

                    Plaintiff,

         -against-                      ORDER
                                        12-CV-2395(JS)(AKT)

HEMPSTEAD POLICE DEPARTMENT,
NASSAU COUNTY JAIL, ARMOR
HEALTH CARE,

                    Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Hugh Jennings, Pro Se
                    12001430
                    Nassau County Correctional Center
                    100 Carman Ave
                    East Meadow, NY 11554

For Defendants:     No Appearance
```

FILED
IN CLERK'S OFFICE
US DISTRICT COURT EDNY

★   JUN 21 2012   ★

LONG ISLAND OFFICE

SEYBERT, District Judge:

Before the Court is the Complaint of incarcerated pro se plaintiff Hugh Jennings ("Plaintiff") filed pursuant to 42 U.S.C. § 1983 against the Hempstead Police Department, Nassau County Jail and Armor Health Care (collectively "the Defendants"), accompanied by an application to proceed in forma pauperis. Upon review of the Plaintiff's declaration in support of his application, the Court finds that his financial status qualifies him to proceed without prepayment of the filing fee. Accordingly, Plaintiff's request for permission to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Plaintiff's Complaint is sua sponte DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i) and (ii), and 1915A(b) unless Plaintiff files an Amended Complaint as set forth

below.

## BACKGROUND

According to the Complaint, on February 9, 2012 Plaintiff was arrested for fighting at the Stop and Shop grocery store located in Hempstead, New York. Plaintiff claims that "when the officer arrived on the scene I was on the ground getting up." Compl. at ¶ IV. Plaintiff describes that he "then walked into the store and the cop came in after me, he told me to stop. I layed [sic] down on the ground as he [the officer] grabbed me from behind and tried to kick my legs from underneath me." Id. Plaintiff alleges that he was lying on his stomach when the officer "grabbed my right thumb with such force and bent it back from which I felted [sic] it pop." Id. Further, Plaintiff alleges that the officer "put my right hand in cuffs, and then grabbed my pointer finger and middle finger and twisted them, as he grabbed my left hand." Id. Plaintiff claims that he did not resist arrest and, after he was cuffed, the officer then "pulls out his mace and maced me point blank range." Id. and page 5 annexed to the Complaint.

Plaintiff alleges that he was then taken to the police station where he claims that he informed officers that "the left cuff was to [sic] tight" which caused the officers to "laugh[] at me and ma[k]e jokes." Id. Plaintiff states that "I couldn't feel my left hand, and I told them that, so they laughed and made more jokes, as I feared that I would lose my left hand." Id. According

2

to the Complaint, Plaintiff began to cry and then they finally loosened the handcuffs. Plaintiff claims that there were four officers in the room at that time and identifies them as "arresting officer Davis, two black males and one black female." Id.

Plaintiff claims that he spent the night in handcuffs in jail and posted bail the next day. Plaintiff claims to have told the judge what had happened to him and, as a result, an unidentified sergeant revoked bail and Plaintiff was rearrested. Id. at page 6 annexed to the Complaint. After being rearrested Plaintiff claims he was taken into a room with six white officers who allegedly forced Plaintiff to strip. Plaintiff describes that he was forced to squat and "pull [his] ass cheeks apart" while an officer "flashed a flash light into my rear and nothing came out." Id. Plaintiff's clothes were then returned to him and Plaintiff claims he informed the officers that they were violating his civil rights. Id.

Plaintiff next describes that he was approached by two unidentified detectives who advised Plaintiff that "they would let me go if I worked for the (A Team) - if I became an informant." Id. at page 7. Plaintiff alleges that he refused to become an informant and was then transported to Mineola for "processing." Id. According to Plaintiff he "was told that they found drugs and they told me they fell out of my rectum." Id.

Plaintiff claims his eyes were still burning from the

3

mace and so he was taken to Nassau Community Hospital. On the way there, detectives allegedly told Plaintiff "if I [Plaintiff] say something that they [detectives] would fuck me up and I'll just stay in Mineola jail longer. . . ." Id. at page 7.

As a result of the events described above, Plaintiff claims he suffers from loss of feeling in his left hand. Plaintiff states he sustained scars on his wrists from the handcuffs and cannot bend his right hand and middle finger "all the way closed and my right thumb to my palm is very tender." Compl. at ¶ IV. A. Plaintiff claims that he was supposed to receive physical therapy which he has not received. Further, Plaintiff states that he has been taken off all pain medications and he suffers from extreme pain as a result. Id. and page 8 annexed thereto.

For relief, Plaintiff seeks "full medical attention, to get a proper diagnosis." Compl. at ¶ V. Further, Plaintiff seeks compensatory damages for his "mental and physical abuse" in the amount of three million dollars ($3 million). Id.

## DISCUSSION

### I. In Forma Pauperis

Having reviewed Plaintiff's declarations in support of his applications to proceed in forma pauperis, the Court finds that he is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's request for permission to proceed in forma pauperis is GRANTED.

II. The Prison Litigation Reform Act

The Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(a) & (b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's pro se complaint liberally, Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); Chavis v. Chappius, 618 F.3d 162 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest[].'" Chavis, 618 F.3d at 170 (quoting Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868

(2009)); see also Jackson v. Birmingham Board of Education, 544 U.S. 167, 171, 125 S. Ct. 1497, 161 L. Ed. 2d 361 (2005).

III. Section 1983

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . .

42 U.S.C. § 1983.

A complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausiblity when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citations omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

A. Entities Immune from Suit

"[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue

6

or be sued." See Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against Lynbrook Police Department); see also Melendez v. Nassau County, No. 10-CV-2516 (SJF)(WDW), 2010 WL 3748743, at *5 (E.D.N.Y. Sept. 17, 2010) (dismissing claims against Nassau County Sheriff's Department because it lacks the capacity to be sued).

To assert a Section 1983 claim against a municipal entity such as a police department or county jail, the proper defendant is the municipality itself because there is no respondeat superior liability under Section 1983. Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "an injury to a constitutionally protected right and that injury 'was caused by a policy or custom of the municipality or by a municipal official responsible for establishing final policy.'" Hartline v. Gallo, 546 F.3d 95, 103 (2d Cir. 2008) (quoting Skehan v. Village of Mamaroneck, 465 F.3d 96, 108-109 (2d Cir. 2006) overruled on other grounds by Appel v. Spiridon, 531 F.3d 138, 140 (2d Cir. 2008)); see also Monell, 436 U.S. at 690-901, 98 S. Ct. 2018. "Local governing bodies . . . may be sued for constitutional deprivations pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-91 (citations omitted). To

establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge and acquiescence can be implied on the part of the policy making officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact within the municipal employees. Sulehria v. City of New York, 670 F. Supp. 2d 288, 320 (S.D.N.Y. 2009); see also Davis, 224 F. Supp. 2d at 478.

Here, Plaintiff has named the Hempstead Police Department and the Nassau County Jail as defendants. Both of these entities are "arms" of their respective municipalities, namely the Incorporated Village of Hempstead and the County of Nassau. Accordingly, they are immune from suit and as such, Plaintiff's claims against the Hempstead Police Department and the Nassau County Jail are dismissed with prejudice. Plaintiff is granted leave to file an Amended Complaint against either or both of the municipalities in accordance with the requirements set forth above. **Any Amended Complaint shall be filed within thirty (30) days from the date that this Order is served upon the Plaintiff.**

B.  Claims Against Armor Health Care

Plaintiff names Armor Health Care[1] as a defendant, but does not include any specific allegations against it. Armor Correctional Health, Inc. is a private company contracted to perform medical services for inmates at the Nassau County Correctional Center. Cofield v. Armor Correctional Health, Inc., No. 12-CV-1394 (SJF)(ETB), 2012 WL 12222326, *2 (E.D.N.Y. Apr. 11, 2012). A private employer may be held liable under Section 1983 for the acts of its employees where the employee acted pursuant to the employer's official policy, or where the private entity employer was jointly engaged with state officials or its conduct is chargeable to the state, or where the employer authorized or participated in the alleged constitutional deprivation. Id. (citing Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir. 2002)). In addition, "[p]rivate employers are not liable under § 1983 for the constitutional torts of their employees, unless the plaintiff proves that 'action pursuant to official . . . *policy* of some nature caused a constitutional tort.'" Rojas v. Alexander's Dept. Store, Inc., 924 F.2d 406, 408 (2d Cir. 1990) (quoting Monell, 436 U.S. at 691, 98 S. Ct. at 2036 (emphasis in original)) (internal citations omitted); see also White v. Moylan, 554 F.

---

[1] Although Plaintiff has named "Armor Health Care," the Court understands that the intended entity is "Armor Correctional Health, Inc." Accordingly, the Clerk is directed to amend the caption to reflect the proper name of the defendant and it will be referred to as such in this Order.

Supp. 2d 263, 267-68 (D. Conn. 2008); <u>Martin v. Lociccero</u>, 917 F. Supp. 178, 184 (W.D.N.Y. 1995).

Here, Plaintiff has not alleged any facts that could make Armor Correctional Health, Inc. liable for the actions of its employees. Accordingly, Plaintiff's claims against Armor Correctional Health, Inc. are dismissed with prejudice **unless Plaintiff files an Amended Complaint alleging a constitutional violation within thirty (30) days from the date that this Order is served upon him.** Plaintiff shall include facts concerning the acts or omissions of the employee[s] of this Defendant.

C.  <u>Leave to Amend</u>

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." When addressing a <u>pro se</u> complaint, a district court should not dismiss without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." <u>Thompson v. Carter</u>, 284 F.3d 411, 419 (2d Cir. 2002) (citing <u>Branum v. Clark</u>, 927 F.2d 698, 705 (2d Cir. 1991)). Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" <u>Ruotolo v. City of New York</u>, 514

F.3d 184, 191 (2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman, 371 U.S. at 182, 83 S. Ct. 227. However, if amendment would be futile, i.e., if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6), leave to amend may be denied. See Lucente v. International Business Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002).

Here, though not named as defendants, Plaintiff identifies and/or otherwise describes several officers who are alleged to have, inter alia, used excessive force against him. It is unclear from his pleading whether Plaintiff seeks to impose liability against these individuals. Accordingly, **Plaintiff is granted leave to file an Amended Complaint within thirty (30) days from the date that this Order is served upon him.** To the extent that Plaintiff is unable to identify these individuals by name and/or badge number, he may simply identify them as "John Does" and provide facts concerning the date(s) and location(s) surrounding the alleged unconstitutional conduct by these individuals such that they may be properly identified by their respective employing municipalities.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's request to proceed

in forma pauperis is GRANTED; and

IT IS FURTHER ORDERED that Plaintiff's Complaint is dismissed without prejudice and Plaintiff is given leave to file an Amended Complaint as described above within thirty (30) days from the date that this Order is served upon him. An Amended Complaint must be labeled "Amended Complaint" and must bear the docket number 12-CV-02395(JS)(AKT).

The Clerk of the Court is directed to amend the caption to reflect the proper name of the Defendant as outlined on page 9 of this Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June __21__, 2012
Central Islip, New York